**Appeal Dismissed and Majority and Dissenting Opinions filed December 2, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00754-CR

---

### LLOYD ANDREW CHAMBERS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the County Criminal Court at Law No. 4
### Harris County, Texas
### Trial Court Cause No. 5823

---

## D I S S E N T I N G   O P I N I O N

The majority opines that we lack jurisdiction over this appeal because the record contains no judgment or other appealable order. I disagree and write to explain why we have jurisdiction.[1]

---

[1] On October 21, 2021, the court issued an order stating the court's initial determination that we lack jurisdiction over this appeal because the record contains no order or judgment, and stating further that the court intended to dismiss the appeal for want of jurisdiction unless the appellant demonstrated within twenty-one days that the court has jurisdiction. Appellant filed a

A City of Houston municipal court jury found appellant Lloyd Andrew Chambers guilty of operating a commercial vehicle when not properly restrained with a seat belt.[2]  The municipal court judge signed a final judgment of conviction and assessed a $150 fine consistent with the jury verdict.

When a person convicted in a Houston municipal court of record[3] seeks to appeal a final judgment, as appellant did, the initial appeal is to a Harris County criminal court at law.  *See* Tex. Gov't Code § 30.00014(a).  Appellant timely complied with all requirements to perfect his appeal from the municipal court judgment to the county criminal court at law.  *See id.* §§ 30.00014(c), (d) (requiring motion for new trial and notice of appeal), 30.00015 (requiring appeal bond).

When acting in its capacity as an appellate court, the county criminal court at law determines the appeal based on errors set forth in appellant's motion for new trial and that are presented in record.  *Id.* § 30.00014(b); *see also* Tex. Code Crim. Proc. art. 44.17 ("An appeal to the county court from a municipal court of record may be based only on error reflected in the record.").  In disposing of the appeal, the county criminal court at law, as the appellate court, may:  (1) affirm the judgment; (2) reverse and remand for new trial; (3) reverse and dismiss; or (4) reform and correct the judgment.  Tex. Gov't Code § 30.00024(a).  Further, in each case decided, the "appellate court"—that is, the county criminal court at

---

timely response, which, in my view, sufficiently articulates the reason why we have jurisdiction. To my knowledge, this court has not received any notice that the County Criminal Court at Law No. 4 of Harris County has signed any further order.

[2] *See* Tex. Transp. Code §§ 644.051, 644.151; 37 Tex. Admin. Code § 4.11 (2013); *see also* 49 C.F.R. § 392.16.

[3] *See* City of Houston, Tex., Code of Ordinances, § 16-2, *available at* https://library.municode.com/tx/houston/codes/code_of_ordinances?nodeId=COOR_CH16MUC O_ARTIINGE_S16-2COCRJU.

2

law—"shall deliver a *written opinion or order* either sustaining or overruling each assignment of error presented" and "shall set forth the reasons for its decision." *Id.* § 30.00024(c) (emphasis added). When the county criminal court at law decides the appeal by delivering a written opinion or order overruling the assignments of error, and sets forth its reasons, the appellant then has a further right of appeal to a court of appeals, such as our court, under certain circumstances, which exist in the present matter. *See id.* §§ 30.00024(c), 30.00027(a).

Here, the county criminal court at law signed a written opinion affirming the municipal court's judgment. And, as permitted, appellant has appealed to this court.

According to the majority, we lack jurisdiction over this appeal because the judge of the County Criminal Court at Law No. 4 of Harris County signed no "judgment or other appealable order." To the contrary, the county criminal court at law affirmed the judgment of the municipal court of record and did so by "deliver[ing] a written opinion" overruling each assignment of error. *See id.* § 30.00024(a)(1), (c). In its written opinion, the county criminal court at law addressed every issue presented and explained its reasons for rejecting them. In the opinion's "conclusion" section, the court stated, "[a]ccording[ly], the judgment of conviction entered by the municipal court of record in this cause is hereby AFFIRMED."

Government Code section 30.00024—entitled "Disposition on Appeal"—requires only a "written opinion or order." *Id.* § 30.00024(c). It does not require a written opinion *and* an order, or a written opinion *and* a "judgment." The judge of the county criminal court produced a written opinion, after which the proceedings were concluded and no further issues required resolution. The written opinion satisfied the statute. No part of Government Code chapter 30 requires more than a

"written opinion" or an "order" to allow the defendant's further appeal to our court or vest our court with jurisdiction upon timely filing of a proper notice of appeal. While section 30.00025(a) refers to the "judgment" of the "appellate court," this is reasonably construed as a reference to section 30.00024(c)'s requirement for a written opinion or order because that section of the code is the only section addressing the appeal's "disposition."[4]  The county criminal court at law's written opinion thus is an appealable order or judgment, and we are not the only court of appeals to reach that conclusion in a similar context.  *See, e.g.*, *Miller v. State*, No. 05-08-00207-CR, 2009 WL 32893, at \*3 (Tex. App.—Dallas Jan. 7, 2009, no pet.) (mem. op., not designated for publication) (county criminal court opinion affirmed municipal court judgment; court of appeals concluded it had jurisdiction over subsequent appeal and characterized the written opinion as a "judgment").

The majority cites *Solon v. State*, No. 05-97-01122-CR, 1997 WL 599151, at \*1 (Tex. App.—Dallas Sept. 30, 1997, no pet.) (not designated for publication), noting, in that case, that the court of appeals dismissed for want of jurisdiction an attempted appeal from county court when the record contained no judgment or appealable order.  But, in *Solon*, the county court at law signed no order or opinion disposing of the appeal at all; it merely stated in a docket entry that it lacked jurisdiction because the municipal court determined that appellant did not timely file an appeal bond.  *Id.*

I have no disagreement with the result in *Solon*, but that case has no relevance here, where the county criminal court at law signed a written opinion as contemplated by section 30.00024(c), therefore disposing of the appeal and permitting the appellant a further appeal to this court.

---

[4] *See* Tex. Gov't Code § 30.00025(a) ("When the *judgment* of the appellate court becomes final, the clerk of that court shall certify the proceedings and the *judgment* and shall mail the certificate to the municipal clerk.") (emphasis added).

Because we have jurisdiction for the reasons I have stated, because *Solon* does not apply, and because the majority cites no other rule, statute, or case supporting its position that we lack jurisdiction, I dissent from the majority's opinion and dismissal order concluding otherwise. The unfortunate effect of the court's erroneous disposition is to deprive appellant of the additional level of appellate scrutiny to which he is statutorily entitled.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Jewell, Bourliot, and Hassan. (Hassan, J., majority).
Publish — Tex. R. App. P. 47.2(b).